CENTRAL BUS OPERATORS, INC., a body corporate, complainant-appellant,

*v.*

CENTRAL AVENUE BUS OWNERS ASSOCIATION, WENDT BUS COMPANY, INC., EDWARD WENDT and FRANK SCICUTELLA, defendants-respondents.

[Argued May 29th, 1940. Decided October 10th, 1940.]

*Messrs. Pesin & Pesin (Mr. Meyer Pesin,* of counsel), for the appellant.

*Mr. Theodore C. Baer (Mr. Arthur C. Mullen,* of counsel), for the respondent Central Avenue Bus Owners Association.

*Messrs. Armstrong & Mullen (Mr. Arthur C. Mullen,* of counsel), for the respondent Wendt Bus Company, Inc., and Edward Wendt.

*Mr. John R. Kelly,* for the respondent Frank Scicutella.

PER CURIAM.

We concur in the view of the learned vice-chancellor that the expulsion of respondent Scicutella from the complainant association was ineffectual, since the action taken constituted the deprivation of a substantial property right without affording him an opportunity to be heard in defense thereof, and that complainant has not established its right to the relief sought by its bill of complaint.

Complainant is plainly not entitled to an inspection of the books of the respondent Wendt Bus Company, Inc., upon the grounds advanced in the bill; nor does the bill reveal any valid reason for restraining bus operations by this respondent. It proceeds on the hypothesis that, while Scicutella's stockholdings in this corporation have effected a disqualification for membership in the complainant association, the corporation "was formed in bad faith," and with the "intent and purpose of perpetuating" respondent Wendt "as an operator of said bus either by himself or his nominee or substitute to the exclusion of a member of the complainant association and with the intent to vest" Scicutella "with the assumed right to operate said bus as an 'owner' by reason of his stockholdings in said corporation, although such holding of stock by" Scicutella "was purely nominal and without any valuable consideration paid therefor and the result of a corrupt understanding between" Wendt and Scicutella "to effectuate such purpose." Taking the view that Scicutella's acquisition of stock in the bus corporation served to disqualify him for membership in the complainant association on the ground that he thereby became a bus "owner," complainant argues that he does not in fact have the latter status because the corporation is sham and, moreover, he has no actual stock interest therein. The mere statement of the proposition suffices to demonstrate that complainant is not entitled to the relief prayed on this score.

The decree is accordingly affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.